## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

GEORGE LOBRANO, JR.                    CIVIL ACTION NO. 10-cv-1775

VERSUS                                 JUDGE ELIZABETH ERNY FOOTE

C. H. ROBINSON WORLDWIDE INC.,         MAGISTRATE JUDGE HORNSBY
ET AL

## MEMORANDUM RULING

Plaintiff George Lobrano, Jr. seeks summary judgment [Record Document 4] as to his claim for a declaratory judgment that the non-compete and non-solicit restrictive covenants in his "Management Employee Agreement" with Defendants are null and void.  This Court first holds that Louisiana law applies to this controversy.  Second, this Court holds that the restrictive covenants which purport to apply "anywhere within the continental United States" are geographically overly broad, non-specific, and non-compliant with the requirements of Louisiana Revised Statute § 23:921.  Third, the Court holds that the contract as written cannot be reformed under Louisiana law.  Thus, the restrictive covenants contained in the "Management Employee Agreement" are null and void as a matter of law.  For the reasons further stated herein, this Court hereby **GRANTS** Plaintiff's Motion for Summary Judgment.  [Record Document 4].

### A.    Factual and Procedural Background

The dispute in this matter arises out of a "Management Employee Agreement" entered into by Mr. Lobrano with Defendants (collectively "C. H. Robinson").  Mr.

Page 1

Lobrano executed the Agreement in Louisiana on November 28, 2005 upon his promotion to a management position with C. H. Robinson in its Shreveport, Louisiana office.  No evidence indicates that Mr. Lobrano worked in any state other than Louisiana in his 14-year career with Defendants.  Sometime around September, 2010, Mr. Lobrano was removed from his management position.  He then resigned from employment with C. H. Robinson on October 27, 2010.

The "Management Employee Agreement" contains restrictive covenants which prohibit Mr. Lobrano from obtaining employment with competitors of C. H. Robinson and from soliciting clients of C. H. Robinson.  By the terms of the Agreement, these non-compete and non-solicit restrictive covenants apply "anywhere within the continental United States" and are effective for a period of two years after Mr. Lobrano's employment with C. H. Robinson.  The Agreement contains a choice of law clause of Minnesota state law and a choice of venue clause of Minnesota, Hennepin County District Court or the United States District Court for the District of Minnesota. The contract also contains a general severability clause and a reformation clause specific as to the geographical area provision.

Mr. Lobrano now seeks to obtain employment with a direct competitor of C. H. Robinson, where he seeks to perform the same role as that performed while working for C. H. Robinson.  C. H. Robinson has stated that it will not accommodate this potential violation of the Management Employee Agreement and that it expects Mr. Lobrano to comply with the restrictive covenants in the Agreement as written.

Mr. Lobrano brought this action originally in Louisiana state court, in the First Judicial District Court for the Parish of Caddo, seeking a declaratory judgment that the restrictive covenants in the Management Employee Agreement were null and void under Louisiana state law.  The action was removed to this Court on November 30, 2010.  On December 10, 2010, Mr. Lobrano filed a Motion for Summary Judgment, along with a Motion for Expedited Consideration of the Motion for Summary Judgment.  This Court denied Mr. Lobrano's Motion for Expedited Consideration on December 15, 2010 but scheduled Oral Arguments regarding Mr. Lobrano's Motion for Summary Judgment for January 25, 2010.

In the interim, C. H. Robinson initiated parallel litigation in Minnesota State Court, in the 4th Judicial District Court for the County of Hennepin, on December 21, 2010 seeking an injunction against Mr. Lobrano's further employment with competitors of C. H. Robinson.  Mr. Lobrano removed the Minnesota action to the United States District Court for the District of Minnesota on December 23, 2010.  Also on December 23, 2010, Mr. Lobrano filed a Motion for Reconsideration of his Motion for Expedited Consideration of the Motion for Summary Judgment.[1]  Defendants filed their Response and Memorandum in Opposition to Plaintiff's Motion for Summary Judgment on January 3, 2011.  On the same date, Plaintiff through counsel informed the Court that the hearing for injunctive relief in Minnesota is scheduled for January 21, 2011.

---

[1]This Court has not issued an order on this later Motion for Reconsideration. Pursuant to this Court's Judgment issued herewith, this Motion is denied as moot.

**B.     Law and Analysis**

**1.      Which state law applies?**

The "Management Employee Agreement" states that the agreement is "made under and shall be governed by and construed in accordance with the laws of the State of Minnesota without regard to conflicts of law principles thereof, or of any of the United States of America."  Thus, the threshold issue in this case is which state law applies:  Minnesota or Louisiana?  Although the contract states that Minnesota law should apply, this Court, exercising diversity jurisdiction and applying the conflicts of law principles of Louisiana,[2] holds that Louisiana law applies.

To determine which state law applies, the Court first looks to Louisiana Civil Code Article 3540, which states:

> All other issues of conventional obligations are governed by the law expressly chosen or clearly relied upon by the parties, except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable under Article 3537.

Louisiana Civil Code Article 3537 states, as a general rule, that an issue of conventional obligations is "governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue."  The language of Article 3537 continues:

> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction,

---

[2]See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) (a court exercising diversity jurisdiction must apply the conflict principles of the state in which it is sitting.)

Page 4

including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515,[3] as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.[4]  (Footnotes added).

Thus, the Court must first determine which state's law would apply in the absence of the choice of law provision in the "Management Employee Agreement" by considering the factors of Article 3537.  The Court initially notes that Minnesota is the domicile of C. H. Robinson and Louisiana is the domicile of Mr. Lobrano.  Nonetheless, it is clear that Louisiana was the place of execution and performance of the contract by Mr. Lobrano.  The subject of the contract was Mr. Lobrano's employment at C. H. Robinson's Shreveport office.  Although C. H. Robinson's operations have a national reach and although C. H. Robinson states that Mr. Lobrano's "responsibilities for services and customers extended on a national and sometimes global basis," there is no allegation that Mr. Lobrano physically performed any employment obligations

---

[3]Louisiana Civil Code Article 3515 states: "Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.  That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state."

[4]For a further discussion of the factors listed in Article 3537, please see Comments (e), (f), and (g) to the 1991 Revisions to Article 3537.

outside of Louisiana during his 14 years of employment. Other than for the fact that Minnesota is the headquarters of C. H. Robinson, Minnesota has little contact with the employment transaction in this case.

Thus noted, the Court next finds application of Minnesota law would significantly impair the policies of Louisiana in protecting its employees from restrictions on the common right to work. Louisiana's statutory and jurisprudential law expresses a strong public policy against restrictions on Mr. Lobrano's "common right" to work in Louisiana. See SWAT 24 Shreveport Bossier, Inc. v. Bond, 2000-1695 (La. 6/29/01), 808 So. 2d 294, 298.

This strong public policy to protect employees from restrictive covenants on the employees' right to work is evidenced by Louisiana Revised Statute § 23:921(A)(2). This statute precludes employers and employees from choosing the state law that will apply to employment agreements, providing:

> The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, *shall be null and void except* where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.[5] (Emphasis added).

---

[5]In the instant case, there is no argument by Defendants that the choice of forum clause or choice of law clause was entered into <u>after</u> the occurrence of the incident which is the subject of the action.

Page 6

Through this provision, the Louisiana legislature has effectively determined that contracts for employment should be governed by the laws of the state whose policies would be most severely impaired, which in most instances for contracts for employment in Louisiana will be Louisiana.  The Louisiana legislature has made this determination even though it potentially impedes interstate transactions and commerce.

The Louisiana Supreme Court has noted "Louisiana has long had a strong public policy disfavoring" non-compete and non-solicit restrictive covenants like those in the "Management Employee Agreement."  SWAT 24, 808 So. 2d at 298.  The purpose of Louisiana's strong public policy "is based upon an underlying state desire to prevent an individual from contractually depriving himself of the ability to support himself and consequently becoming a public burden."  Id.

As is discussed in more detail below, Louisiana state courts, noting Louisiana's strong public policy against covenants in derogation of the common right to work, require strict compliance with the geographic and other limitations of Louisiana Revised Statute § 23:921.  A majority of Louisiana state courts interpret Louisiana Revised Statute § 23:921 to require that an employment contract specifically list the parishes or municipalities affected by the non-compete or non-solicit agreement.[6]  The

_____

[6]See, e.g., Hose Specialty & Supply Mgmt. Co., Inc. v. Guccione, 2003-823 (La. App. 5 Cir. 2003), 865 So. 2d 183, 194; Aon Risk Servs. of La., Inc. v. Ryan, 2001-614 (La. App. 4 Cir. 1/23/2002), 807 So. 2d 1058, 1061-62; Kimball v. Anesthesia Specialists of Baton Rouge, Inc., 2000-1954 (La. App. 1 Cir. 9/28/01), 809 So. 2d 405, 412-13; Comet Indus., Inc. v. Lawrence, 600 So. 2d 85, 88 (La. App. 2 Cir. 1992).

Fifth Circuit has likewise recognized that under Louisiana law a "contract seeking to fit into an exception to this rule must strictly comply with the requirements contained in the statute." Team Environmental Servs., Inc. v. Addison, 2 F.3d 124, 126-27 (5th Cir. 1993) (quoting Comet Indus., Inc. V. Lawrence, 600 So. 2d at 85, 88 (La. App. 2 Cir. 1992)).  The Western District has recognized the same.  See, e.g., Johnson Controls, Inc. v. Guidry, 724 F. Supp. 2d 612, (W.D. La. 2010); Ferrellgas, L.P. v. McConathy, 2010 WL 1010831 (W.D. La. Mar. 15, 2010) ("[A] non-competition provision must be strictly limited to designated parishes and contain a maximum term of two years.").

In comparison, the interests of Minnesota in this transaction are limited to its interest in promoting freedom of contracting for its employers.  Considering the factors of Article 3537, the interests of Minnesota would be impaired by application of Louisiana law, but this impairment is insignificant when compared to the impairment to Louisiana's interests were Minnesota law to be applied.  Therefore, the Court finds that in the absence of the choice of law clause in this Management Employee Agreement, Louisiana law would apply.

Finally, returning to the Louisiana Civil Code Article 3540 inquiry, the Court finds that application of Minnesota law would contravene the public policy of Louisiana.

---

The minority approach of the Louisiana Third Circuit Court of Appeals requires that the clause only state an "area" that is "identifiable." Monumental Life Ins. Co. v. Landry, 2002-891 (La. App. 3 Cir. 2/19/03), 846 So. 2d 798, 801.  Here, the geographic scope of the restrictive covenants is effectively "everywhere," and even under the minority approach would be too broad to be identifiable.  See Ferrellgas, 2010 WL 1010831, at *6.

Minnesota law would permit C. H. Robinson to impose significantly broader non-compete and non-solicit restrictive covenants on Mr. Lobrano, permitting enforcement of restrictive covenants in contravention of Louisiana public policy.  See, e.g., Timm & Assocs., Inc. v. Broad, 2006 WL 3759753, *4 (D. Minn. Dec. 21, 2006).[7]

Thus, because of the strong public policy expressed by the Louisiana legislature, by the Louisiana Supreme Court, and by the other state and federal courts interpreting this law, the choice of forum statement in the "Management Employee Agreement" contravenes the public policy of Louisiana.  For these reasons, Louisiana law applies to the interpretation of this contract.

### 2.    Does the geographic region in the "Management Employment Agreement" comply with Louisiana state law?

Having decided that Louisiana law applies, this Court must determine whether the geographic region specified in the contract as "anywhere within the continental United States" complies with the strict requirements of Louisiana Revised Statute § 23:921(C), which provides as follows:

> Any person. . .may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or

---

[7]In finding that the application of Louisiana law, rather than Minnesota law, is appropriate here, the Court notes that this finding is in accord with Louisiana state and federal precedent.  See, e.g., Restivo v. Hanger Prosthetics & Orthotics, Inc., 483 F. Supp. 2d 521, 528-29 (E.D. La. 2007) (applying Louisiana law given Louisiana's strong public policy disfavoring non-compete contracts to employment agreement that included a choice of law of Maryland); Technical Indus., Inc. v. Banks, 419 F. Supp. 2d 903, 908-10 (W.D. la. 2006) (applying Louisiana law to employment agreement pursuant to choice of law analysis); Bell v. Rimkus Consulting Group, Inc. of La., 07-996 (La. App. 5 Cir. 3/25/08), 983 So. 2d 927, 932-33 (applying Louisiana law to employment agreement despite choice of Texas law in the agreement).

> from soliciting customers of the employer <u>within a specified parish or parishes, municipality or municipalities, or parts thereof</u>, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.  (Emphasis added).

The statute requires that an employment contract contain a geographic region defined by specific parishes or municipalities.

The majority of Louisiana state courts, as noted above, require strict compliance with the geographic specification requirement of Louisiana Revised Statute § 23:921. The specification requirement places a higher burden on the employer to draft the employment agreement with certainty as to the area in which the employee will be proscribed from competing with the employer or soliciting its customers.  This higher burden reflects the public policy of Louisiana.

However, this burden is not insurmountable.  Louisiana courts have permitted non-compete or non-solicit restrictive covenants in which the geographic limitations are defined by a list of parishes or municipalities in Louisiana, or of a list of similar geographic subdivisions of other states.  For instance, in <u>Hose Specialty & Supply Management Co., Inc. v. Guccione</u>, the Louisiana Fifth Circuit Court of Appeal found that the geographic bounds on a restrictive covenant defined by a <u>specified</u> list of counties in Mississippi and Alabama did not offend Louisiana Revised Statute § 23:921. 2003-823 (La. App. 5 Cir. 12/30/03), 865 So. 2d 183, 194.[8]

---

[8]Defendants, in this case, attempt to rely on <u>Hose Specialty</u>.  In that case, the Louisiana Fifth Circuit Court of Appeal, in addition to finding that the list of counties in Mississippi and Alabama was sufficient under Louisiana Revised Statute § 23:921, without discussion enforced the other half of the geographic limitation, which proscribed

On the other hand, Louisiana courts have refused to permit non-compete and non-solicit restrictive covenants in the following areas: (1) where the contract provides no geographic area; (2) where the contract provides for restrictions "in the area in which the employer does business;" (3) where the contract provides an area defined by radial miles; and (4) lastly, as in the contract before this Court, where the contract provides for a geographic area defined at a level significantly broader then the parish or county level.  The following analysis discusses the Louisiana cases in these categories.

First, and most obviously, Louisiana courts have refused to permit non-compete and non-solicit restrictive covenants when the geographic limitations state no geographic area.  E.g., Johnson Controls, 2010 WL 2773234, at *2, *8 (holding agreement which contained no geographical boundaries whatsoever was unenforceable); Daiquiri's III on Bourbon, Ltd. v. Wandfluh, 608 So. 2d 222, 224-25 (La. App. 5 Cir. 1992) (holding that an agreement that "fails even to limit the scope of its restraint of trade to the continental United States," but rather "contained no territorial limitation whatsoever," was unenforceable).

Louisiana courts have also refused to permit restrictive covenants whose

---

competition and solicitation "within all sixty-four (64) parishes of the State of Louisiana" without providing a list of the sixty-four parishes by name.  See 865 So. 2d at 194. While Hose Specialty may demonstrate greater leniency by some Louisiana courts, the geographic limitation there at least referred to parish-level subdivisions of Louisiana. This Court refuses to extend Hose Specialty, given the great weight of Louisiana precedent, to permit enforcement of a geographic limitation that is defined at the continental and national, rather than the parish or county, level.

geographic limitations are defined by "the area in which the employer does business." For example, in Aon Risk Services of Louisiana, Inc. v. Ryan, the Louisiana Fourth Circuit Court of Appeal found that the geographic scope of a restrictive covenant must be more specific under Louisiana Revised Statute § 23:921 than simply "whatever parishes, counties and municipalities" within which the employer conducted business. 2001-614 (La. App. 4 Cir. 1/23/02), 807 So. 2d 1058, 1060-61.  The Fourth Circuit held that the employer must be "required to do more than just make a general reference to parishes and municipalities in which it did business," because otherwise the employee, contrary to the intentions of the legislature, would be placed at a disadvantage vis a vis the employer.  Id. at 1062.[9]  See also Ferrellgas, L.P. v. McConathy, 2010 WL 1010831, at *5-7 (holding that a clause which prohibited competition or solicitation "in the county or counties where Employee had contact" with the employer's customers was unenforceable); Restivo v. Hanger Prosthetics & Orthotics, Inc., 2007 WL 1341506, *3-4 (E.D. La. May 4, 2007) ("Louisiana law does require that parishes intended to fall within the geographical restriction be specifically identified in order for a non-compete agreement to be valid."  Thus, an agreement restricting competition "anywhere the employee performed services on behalf of" employer was unenforceable under Louisiana Revised Statute § 23:921.); Kimball v. Anesthesia Specialists of Baton Rouge, Inc., 2000-1954 (La. App. 1 Cir. 9/28/01), 809 So. 2d 405,

_____

[9]The Aon Risk court further noted that a lesser requirement would encourage employers to create overly broad limitations and would impede the transparency of the geographic limitations for employees.  Aon Risk, 807 So. 2d at 1062.

Page 12

411-13 (Employee agreement failed to include a "specified geographic area" as required under Louisiana Revised Statute § 23:921 because it stated only that the employee agreed not to "practice anesthesiology in any health care facility regularly serviced by the Corporation" for a period of two years.).

Third, Louisiana courts have held that geographic limitations defined by radial miles offend Louisiana Revised Statute § 23:921.  In <u>AMCOM of Louisiana, Inc. v. Battson</u>, the Supreme Court of Louisiana reinstated a trial court judgment that struck the portion of the geographical limitation that proscribed competition "within a seventy-five (75) mile radius of Shreveport or Bossier City, Louisiana."  96-319 (La. 3/29/96), 670 So. 2d 1223, rev'g, 28,171-CA (La. App. 2 Cir. 1/5/96), 666 So. 2d 1227. The trial court had found that the non-offensive portions of the geographical limitation, which proscribed competition within "Shreveport or Bossier City, Louisiana, or in Caddo or Bossier Parishes, Louisiana," remained enforceable despite the offensive portion. See <u>AMCOM of Louisiana, Inc. v. Battson</u>, 28,171-CA (La. App. 2 Cir. 1/5/96), 666 So. 2d 1227, rev'd, 96-319 (La. 3/29/96), 670 So. 2d 1223.  Without discussion, the Supreme Court of Louisiana reinstated this judgment, which thereby enforced the portion of the geographic limitation that specified parishes and municipalities, but not the portion of the geographic limitation that stated a broad area defined in radial miles.[10]  <u>AMCOM of Louisiana, Inc. v. Battson</u>, 96-319 (La. 3/29/96), 670 So. 2d 1223.

---

[10]As Judge Hightower noted in his dissent to the Louisiana Second Circuit Court of Appeal hearing in <u>AMCOM</u>, the trial court had found that the "75 mile radius" acted to proscribe competition with the employer in the area in which its radio signal could be received.  See <u>AMCOM of Louisiana, Inc. v. Battson</u>, 28,171 (La. App. 2 Cir. 1/5/96),

Similarly, in Team Environmental Servs., Inc. v. Addison, the Fifth Circuit found that a non-compete clause limited to a "200-mile radius area around Baton Rouge" was unenforceable under § 23:921.  Team Environmental, 2 F.3d at 126-27.  The Fifth Circuit held that Louisiana jurisprudence requires "a geographic term which substantially conforms to the statute by identifying with reasonable certainty those areas in which the employer lawfully may prohibit competition."  Id. at 127.

Lastly, where the contract defines the geographic limitations at a level significantly broader than the parish or county level, as in the contract before this Court, Louisiana courts have held the geographic limitation to be non-compliant with the requirements of Louisiana Revised Statute § 23:921.  In L & B Transport, LLC v. Beech, the Middle District of Louisiana found that a clause which proscribed competition or solicitation by the employee "in Alabama" clearly offended § 23:921. 568 F. Supp. 2d 689 (M.D. La. 2008).  After summarizing precedent on § 23:921, the court found:

> By referring to the entire state of Alabama without making reference
> to specific counties or municipalities, this language clearly fails to
> meet the statutory requirements set forth in Louisiana Revised
> Statutes 23:921 for geographical restriction in a non-compete
> provision.

Id. at 698.  The court, quoting Restivo, held that "[w]hile a strict interpretation of the

---

666 So. 2d 1227, 1230-31 (Hightower, J., dissenting). Thus, the "75 mile radius" limitation prevented the employee from working for a competitor in the same geographic area where it conducts business.  Id.  Nonetheless, the trial court determined that the "75 mile radius" language should be struck as offensive under § 23:921.  The Supreme Court of Louisiana reinstated this trial court judgment on appeal. AMCOM of Louisiana, Inc. v. Battson, 96-319 (La. 3/29/96), 670 So. 2d 1223.

statute can be criticized as being overly technical, such a reading is consistent with Louisiana's strong public policy prohibiting covenants not to compete." Id. at 697 (quoting Restivo, 2007 WL 1341506, at *4).  Notably, L & B Transport, LLC v. Beech involved an employment  contract with a trucking company.  The Louisiana Second Circuit Court of Appeal, in Comet Industries, Inc. v. Lawrence, found a geographical limitation exactly like the limitation in the present case offended Louisiana Revised Statute § 23:921.  The court, considering an agreement prohibiting competition by the employee against the employer "anywhere within the continental United States," held that a limitation that fails to specify the "parish or parishes, municipality or municipalities, or parts thereof" wherein the employer carried on its business is unenforceable.  Comet Industries, Inc. v. Lawrence, 600 So. 2d 85, 87 (La. App. 2 Cir. 1992).

Defendants argue that as long as a geographic area corresponds to an area in which Defendants actually do business that the contract is in compliance with Louisiana Revised Statute § 23:921.  This statement is incorrect.  Under the express language of the statute and the majority view of the Louisiana Courts of Appeal, the statutory requirement is two-fold: the geographic scope of non-compete/non-solicit clauses must 1) list the parishes (counties) or municipalities in which the clauses apply, and 2) must be areas in which the employer actually does business.[11]

---

[11]Defendants cite the following cases in support of its position.  However, a close reading of these cases show that the courts in these cases require specific designation of parishes (counties) or municipalities for compliance with Louisiana Revised Statute § 23:921.

Defendant, C. H. Robinson, also argues that in this case the employee knew at the outset the applicable geographic scope of the non-compete or non-solicit restrictive covenants and therefore these provisions do not offend Louisiana Revised Statute § 23:921.  This position by Defendants is also incorrect.  Louisiana Revised Statute § 23:921 provides an objective standard for defining the geographic regions, that is, each parish (county) or municipality must be identified.  The statute does not provide a subjective standard, that is, did the employee understand the geographical scope of limitations.

Thus, based on the language of the statute and Louisiana state and federal

---

Arthur J. Gallagher & Co. v. Babcock, 339 Fed. Appx. 384, 387-88 (5th Cir. 2009) (clause listing each Louisiana parish by name was not overly broad per se; court must consider whether employer carries on a like business in each of the parishes listed);

Vartech Sys., Inc. v. Hayden, 2005-2499 (La. App. 1 Cir. 12/20/06), 951 So. 2d 247, 258 (listing all 64 parishes by name);

Ticheli v. John H. Carter Co., Inc., 43,551-CA (La. App. 2 Cir. 9/17/08), 996 So. 2d 437, 440 (listing all 64 parishes and listing specific counties in Arkansas, Mississippi, Alabama, and Florida);

Hose Specialty & Supply Mgmt. Co., Inc. v. Guccione, 2003-823 (La. App. 5 Cir. 12/30/03), 865 So. 2d 183, 194 (The Court held the geographic limitation to specifically listed counties in Mississippi and Alabama was enforceable.  The non-compete/solicit clause stated that the geographic area to which the clause applied was "within all 64 parishes of the state of Louisiana" and also listed specific counties in Mississippi and Alabama by name.  The Court upheld the geographic scope of the "within all 64 parishes of the State of Louisiana" without discussion.  Id.);

Garcia v. Banfield Pet Hosp., Inc., 2009-0466 (La. App. 1 Cir. 1/21/10), 35 So. 3d 261 (holding that non-competition provision "within a six-mile (6) mile radius of either of the [Employer's] places [of] business on the date of her termination of employment" was potestative because it could not be determined at the time of execution of the limits of the prohibition, and thus was unenforceable.)

jurisprudence interpreting Louisiana law, the designation of the geographic location "anywhere within the continental United States" fails to meet the requirement of specificity of Louisiana Revised Statute § 23:921 and is overly broad.

### 3. Can the "Management Employee Agreement" be reformed to comply with Louisiana law or are the non-compete/non-solicit provisions null and void in their entirety?

Having found that the geographic area specified in the contract is overly broad, non-specific, and non-compliant with Louisiana law, the Court must determine whether or not the contract can be reformed to comply with Louisiana law or whether the non-compete/non-solicit provisions are null and void in their entirety.  The "Management Employee Agreement" contains a "savings clause" stating that if the geographic extent of any provision is in excess of that which is valid under applicable law, then the provision shall be construed to cover only the geographical extent permitted.  Additionally, the contract contains a statement that to the extent any provision in the contract is unenforceable in any jurisdiction, that provision shall be deemed deleted from the agreement without affecting the validity and enforceability of the remainder of the contract.

The Louisiana Supreme Court has permitted reformation of non-compete restrictive covenants that do not strictly conform to Louisiana Revised Statute § 23:921. In SWAT 24, 808 So. 2d 294, the Louisiana Supreme Court struck the portions of the agreement which were overly broad.[12]  But, in SWAT 24, the Supreme Court gives us a

---

[12]In SWAT 24 the geographic area for the restrictive covenants was not discussed by the Supreme Court.  That contract contained a restrictive covenant for

lesson in the type of reformation that can be made in non-compliant non-compete

contracts, that is, provisions of the contract can be stricken but not rewritten.  The

Supreme Court points to its previous decision in AMCOM of Louisiana, Inc. vs. Battson,

96-319 (La. 3/29/96), 670 So. 2d 1223, rev'g, 28,711-CA (La. App. 2 Cir. 1/5/96), 666

So. 2d 1227, to demonstrate how a contract can be reformed.  In AMCOM, the Court

noted that the contract at issue specified that the employee could not compete with his

former employer "in Shreveport or Bossier City, Louisiana, or in Caddo or Bossier

Parishes, Louisiana, or within a 75-mile radius of Shreveport or Bossier City, Louisiana."

The trial court agreed with the Plaintiff that the geographic region was overly broad.

However, rather than reform the entire contract, the trial court struck the language

regarding the "75-mile radius," leaving and enforcing the restrictions in Shreveport and

Bossier cities and Caddo and Bossier Parishes.  See AMCOM, 666 So. 2d 1227, rev'd,

670 So. 2d 1223.  On appeal, the Second Circuit agreed that the language was overly

broad but refused to enforce any portion of the agreement, declining to "rewrite" the

overly broad language.  Id.  The Supreme Court granted the employer's writ and

ordered the reversal of the judgment of the Court of Appeal and reinstatement of the

trial court's judgment.  AMCOM, 670 So. 2d 1223, rev'g  666 So. 2d 1227.   In SWAT

24, Justice Kimball specifically noted that the severability clause did not require a court

---

geographic region "within the parishes of Caddo, Bossier, Webster, Claiborne, Lincoln,
Union, Jackson, Ouachita, DeSoto, Red River, Sabine, Bienville, Winn, Caldwell Parish of
Louisiana, and the municipalities of Shreveport/Bossier, Coushatta, Monroe, Louisiana
and East Texas and Southern Arkansas."  The Court does not address whether or not
this geographic designation is overly broad.

to "reform, redraft, or create a new agreement."  SWAT 24, 808/ So. 2d at 309.  It required only that the offending portion of the agreement be severed.  Applying AMCOM to SWAT 24, the Supreme Court held that the language of the contract under scrutiny made it possible to excise the offending language from the non-competition clause without doing undue damage to the remainder of the provision.  Id.

The Western District of Louisiana applied a similar analysis in Ferrellgas, L.P. v. McConathy, 2010 WL 1010831 (W.D. La. Mar. 15, 2010) and refused to rewrite the offending provisions.  The contract in that case purported to restrict the former employee from competing or soliciting "in the county or counties where Employee had contact with Ferrellgas customers on behalf of Ferrellgas."  Id. at *5.  In that case, the court found that the non-competition provisions of the contract were not strictly limited to specific designated parishes or municipalities within the meaning of Louisiana Revised Statute § 23:921(C).  Id.  On the issue of whether the contract could be reformed, the Court followed the Supreme Court's analysis in SWAT 24.  The Court in Ferrellgas noted that in some limited instances Louisiana courts have applied severability clauses to enforce otherwise invalid non-competition agreements.  The Court in Ferrellgas states:

> Most notably, the Louisiana Supreme Court in SWAT 24 reaffirmed its prior enforcement of a severability clause which did not require a court to "reform, redraft or recreate a new agreement" but rather "required only that the offending portion of the agreement be severed."

Id. at *6.  However, despite the existence of a severability clause in the contract before it, the court in Ferrellgas noted that the "offending language" was not "readily

replaceable":

> If the Court were to omit the "contact" clause in the agreement, it would be forced to either generate and substitute its own clause, or leave the agreement with no geographical scope whatsoever.  Both alternatives are legally impermissible.

Id.

Likewise, in the "Management Employee Agreement" under scrutiny, the striking by the Court of the overly broad clause "within the continental United States" would leave the contract with no geographical area at all or would require this Court to generate a new clause defining the geographic area.  Under SWAT 24, the Supreme Court did not envision a reformation in which a court went beyond a simple severing or striking of language of the contract and instead rewrote the contract to comply with state law.

Furthermore, the Fifth Circuit has spoken out directly against the rewriting of geographically-overly broad restrictive covenants through reformation of the geographic scope of these covenants.  For example, in Team Environmental, after holding that the non-compete restrictive covenant was unenforceable under Louisiana Revised Statute § 23:921, the Fifth Circuit refused to reform the geographic scope of the restrictive covenant proscribing competition "within a two hundred (200) mile radius."  2 F.3d at 126-27.  The restrictive covenant barred competition in a far larger area than the area in which the employer "carried on a like business," and it informed with low certainty "the area in which its employees are precluded from accepting employment."  Id. at 127.  The Fifth Circuit concluded by noting:

> Were courts to reform and enforce agreements like those at bar,
> employers would be free routinely to present employees with
> grossly over-broad covenants not to compete.  While the employer
> presumptively would know that the agreement would be enforced
> only to the limit of the law, the employee likely would not.  The
> result would be an impact on the employer-employee relationship
> not intended by the legislature. . . .

Id.  Therefore, the Fifth Circuit refused to save the contract by reformation that

required more than the striking of an offensive provision.  Id.  See also Comet

Indus., Inc. v. Lawrence, 600 So. 2d 85 (La. App. 2 Cir. 1992) (holding that

restrictive covenant proscribing competition within the "continental United States"

was overly broad and refusing to reform it).

The Louisiana Fifth Circuit Court of Appeals expresses the policy supporting

why a court cannot simply rephrase or rewrite a contract into compliance with the

statutory law:

> In this matter, there is a failure to include specified geographic
> areas as statutorily required.  We cannot simply rewrite the non-
> compete clause so as to make it comply with the statute.  Also,
> because [§] 23:921 requires specificity regarding geographical
> limitations, the non-compete clause must stand on its own.
> Reformation by parole evidence would violate the requirement of
> strict construction which must be applied to a non-compete clause.

Kimball, 809 So. 2d at 413.

Defendants have cited no case in which an appellate court has gone beyond the

Supreme Court's action in SWAT 24 or AMCOM, and where the court has redrafted the

offending provisions into compliance.[13]

_____

[13]The cases cited by Defendants are not persuasive on this issue.
Class Action Claims Servs., LLC v. Clark, 2004-591 (La. App. 5 Cir. 12/14/04), 892 So.

In the instant case, this Court cannot determine with more than low certainty the area in which the parties intended to preclude Mr. Lobrano from engaging in post-employment competition or solicitation.  For the same reasons which the Fifth Circuit refused to reform the restrictive covenant in Team Environmental, this Court refuses to reform the restrictive covenants here.  In this instance, this Court refuses to be placed "in the business of either saving or writing a contract that is not generally favored by law."  L & B Transport, 568 F. Supp. 2d at 693-94 (citing Gearheard v. De Puy Orthopaedics, Inc., 1999 WL 638582, *6 (E.D. La. Aug. 19., 1999)).  Any attempt by the Court to generate a new clause defining the geographical area would be conjectural and dependent on parol evidence.  Because the non-compete and non-solicit restrictive covenants do not comply with the strict requirements of Louisiana Revised Statute § 23:921 and because they cannot be reformed, the non-compete and non-solicit clauses are null and void.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [Record Document 4] be and is hereby **GRANTED**.  A Declaratory Judgment that the non-

---

2d 595, 600.  ("Our review of the jurisprudence indicates that when a non-compete clause is overly broad in its geographical boundaries, the Court should delete the overly broad portions and enforce the remainder of the geographic restriction provision."); Hose Specialty & Supply Mgmt. Co., Inc. v. Guccione, 2003-823 (La. App. 5 Cir. 12/30/03), 865 So. 2d 183, 194 (striking portion of contract similar to that in SWAT 24, but holding that geographic restrictions were not overly broad); Vartech Sys., Inc. v. Hayden, 2005-2499 (La. App. 1 Cir. 12/20/06), 951 So. 2d 247, 257 n.10 (in dicta: "SWAT 24 indicates a more expansive use of severability or savings clauses to reform and enforce non-compete agreements.")

compete and non-solicit restrictive covenants of Section 7 of the Management Employee Agreement, specifically Sections 7.01, 7.02, 7.03, 7.04, 7.05, and the relevant parts of 7.06, 7.07, and the relevant parts of Section 8 of the Agreement are null and void and thus unenforceable, will issue herewith.

Shreveport, Louisiana, this 7th day of January, 2011.


ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE